ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| AHMAD HOSSEINIPOUR,  )  | CASE NO.  4:09CV2008 |
| )  | |
| Plaintiff,  )  | |
| )  | JUDGE JOHN R. ADAMS |
| v.  )  | |
| )  | <u>MEMORANDUM OF OPINION</u> |
| FORUM HEALTH, et al.,  )  | <u>AND ORDER</u> |
| )  | |
| Defendants.  )  | |

On August 27, 2009, plaintiff *pro se* Ahmad Hosseinipour brought this action without stating the basis for the Court's jurisdiction. The defendants are Forum Health, Mahoning County, Ohio Common Pleas Court Judge James Evans, and Attorneys Martin Hume, Raymond Masek, Charles Curry, and John Dixon.

**Background**

In September 2000, the plaintiff, by and through Attorney Masek, filed an action against Forum Health in the Mahoning County, Ohio Court of Common Pleas. *See Hosseinipour v. Forum Health, et al.*, Case No. 50 2000 CV 02487 (Mahoning Cty Ct. Comm. Pl. filed Sept. 22, 2000).[1] Plaintiff alleges that the complaint was "initially written by Attorney Hume in 1995 but he never filed the case in the court." Complaint (Doc. 1) at 2. The case was assigned to Judge Evans. Attorneys Curry and Dixon entered their appearance for the plaintiff after Attorney Masek was granted leave of court to withdraw. Attorney Curry was also subsequently granted leave to withdraw as counsel for plaintiff.

---

[1] Mahoning County Court of Common Pleas dockets can be viewed at: http://courts.mahoningcountyoh.gov/

The state court case was set for trial on May 6, 2002. On May 3, 2002, however, the plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Ohio R. Civ. P. 41(A). Plaintiff alleges in the case at bar that Judge Evans's dismissal of his court case was discriminatory, illegal, and has to do with post-9/11 events.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.[2] For the reasons stated below, this action will be dismissed pursuant to section 1915(e). The Court will not have a hearing.

As a threshold matter, the plaintiff fails to set forth a basis for federal court jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990), and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Plaintiff objects to what occurred in a state court proceeding on or before May 6, **2002**. He does not assert a violation of a

---

[2]A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking 28 U.S.C. § 1915(e) [formerly section 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

federal statute or constitutional right, and therefore jurisdiction is not predicated on a federal question.  Moreover, the parties to the case at bar apparently are all located in or are residents of Ohio.  Therefore, jurisdiction cannot be premised on diversity of citizenship.  Principles requiring generous construction of *pro se* pleadings are not without limits.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  Even liberally construed, the complaint does not sufficiently state a basis for federal jurisdiction.

The claim against Judge Evans lacks an arguable basis in law.  It is well established that judges are immune from liability for actions taken within the scope of their official duties.  *Pierson v. Ray*, 387 U.S. 547 (1967).  This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349 (1978).  When the function complained of is truly a judicial act, judicial immunity applies.  Despite plaintiff's assertion to the contrary, there are no facts alleged reasonably suggesting Judge Evans acted outside the scope of his official duties.  *Yarbrough v. Garrett*, 579 F.Supp.2d 856, 860 (E.D. Mich., 2008) (*citing Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  Judge Evans was acting within the scope of his official duties when he recognized plaintiff's dismissal of the state court case.  A notice of dismissal does not require action by the court, *State ex rel. Vaughn Industries, L.L.C. v. Reece*, 116 Ohio St.3d 1212, 1213 (2007) (*citing State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84 (2002), so Judge Evans did not dismiss the plaintiff's state court case--the plaintiff and/or his counsel did.

Plaintiff filed an Application to Proceed Without Prepayment of Fees (Doc. 2).  In the Complaint (Doc. 1), he alleges that his "income is much below the federal poverty income and would like the fee to be waived."  *Id.* at 2.

Plaintiff also filed a motion styled as "Motion for Violation of American Disability Acts Title I" (Doc. 4) and a Motion for Appointment of Counsel. (Doc. 5). With regard to the latter motion, it is well-settled that although a criminal defendant has a Constitutional right to representation even if the defendant cannot afford counsel, there is no similar right to counsel in civil litigation.

## Conclusion

Based on the foregoing,

Plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 2) is GRANTED.

Plaintiff's Motion for Violation of American Disability Acts (Doc. 4) is DENIED.

Plaintiff's Motion for Appointment of Counsel. (Doc. 5) is DENIED.

This action will be dismissed pursuant to 28 U.S.C. § 1915(e). Furthermore, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

| | |
|---|---|
| January 22, 2010 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.